PACIFIC TRADING CO. *v.* UNITED STATES (No. 3484)[1]

---

[1] T. D. 45508.

United States Court of Customs and Patent Appeals, February 29, 1932

*Lawrence & Baldwin* (*Martin T. Baldwin* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

[Oral argument February 10, 1932, by Mr. Folks; submitted on brief by appellant]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This appeal involves as the sole question the weight and effect to be given to a stipulation submitted to the court below.

The importation concerned was a Japanese commodity known as kamaboko, which was assessed for duty at the rate of 35 per centum ad valorem under the provisions of paragraph 773 of the Tariff Act of 1922 for merchandise composed of vegetables and fish. The importer claimed the importation to be dutiable at 25 per centum ad valorem under paragraph 720 of said act as fish, prepared.

The material portions of the competing paragraphs read as follows:

PAR. 773. * * * soups, pastes, balls, puddings, hash, and all similar forms, composed of vegetables, or of vegetables and meat or fish, or both, not specially provided for, 35 per centum ad valorem.

PAR. 720. * * * all fish (except shellfish), pickled, salted, smoked, kippered, or otherwise prepared or preserved (except in oil or in oil and other substances), in immediate containers weighing with their contents not more than fifteen pounds each, 25 per centum ad valorem; * * *.

There was no evidence introduced in the trial below. The case was submitted to the United States Customs Court upon the following stipulation, entered into by counsel for appellant and an attorney for the Government:

It is stipulated that the merchandise invoiced as "canned boiled egg" (item 268) consists of prepared fish (kamaboko) not shellfish, not packed in oil, *containing no substantial quantity of vegetables*, and packed in immediate containers weighing with their contents not more than 15 pounds each; that the protest is abandoned as to all other merchandise, and that upon this stipulation the protest may be ordered submitted. (Italics ours.)

It is nowhere suggested or contended that the attorney who signed the stipulation at bar on behalf of the Government had any less powers in respect to stipulations than do the "Assistant Attorney General, Deputy Assistant Attorney General, and attorneys," who, by the act of August 5, 1909 (ch. 6, sec. 28, 36 Stat. 108, 5 U. S. C., 296), were given—

charge of the interests of the Government in all matters of reappraisement and classification of imported goods and all litigation incident thereto,

and who were by said statute authorized to—

represent the Government in all the courts and before all tribunals wherein the interests of the Government require such representation.

The United States Customs Court, Third Division, overruled the protest for lack of proof and, in part, said:

In our opinion, the question as to what constitutes a substantial quantity of vegetables is one of law for the court, so that a stipulation as to that issue does not bind the court. Nothing appears in the record as to the percentages of the various ingredients composing the commodity. See our decision in *Westergaard* v. *United States*, T. D. 44298.

It is undisputed that if the stipulation supplies the proof that there was no substantial quantity of vegetables in the merchandise, the importer's protest should have been sustained.

The *Westergaard* case, to which reference was made in the opinion of the court below, is a case in which the same division of the court below held that 3½ per centum of potato flour in fish cakes and 3⅓ per centum of potato flour in fish balls was a subtantial quantity of vegetables.

This court has so frequently passed upon the force and effect of stipulations in customs litigation that we had thought that question was too well settled to admit of serious controversy or to require further extended discussion by us.

In *Salomon & Co.* v. *United States*, 7 Ct. Cust. Appls. 5, T. D. 36255, the Government and the attorney for the importer entered into a stipulation that goods were imported directly to the United States from the nation or country of production or manufacture. The Board of General Appraisers (now the United States Customs Court) did not regard said stipulation as binding upon it and overruled the importer's protest. This court reversed the Board of General Appraisers and said:

* * * It would be a strange thing if litigants or their accredited representatives could not get together and settle for themselves and the court what were the relevant facts touching the litigated issues. Time and expense of parties as well as the court are often thereby saved and a speedy determination of the issue facilitated. The right to do this, however, must not be confounded with an attempt to stipulate as to the law. This is a matter ordinarily for the court's determination and is not a proper subject for agreement, although it often happens that there is no disagreement as to what the law may be. If it were undertaken, for instance, to stipulate that an agreed statute should receive a stated interpretation it is at once manifest that such a stipulation could not control the court, whose function is to determine for itself that particular thing. The difference in the two instances is that the *parties* only are interested in the facts in issue between them, while the *public* is interested in the interpretation of the statute. For a sufficient discussion of the effect of stipulations see 36 CYC, 1279–1298. (Italics quoted.)

In *United States* v. *Zucca & Co.*, 11 Ct. Cust. Appls. 167, T. D. 38959, a stipulation entered into between importer's counsel and the

Assistant Attorney General, representing the Government, which provided that the protest in one instance might be sustained and in another that the protest should be overruled, was rejected by the Board of General Appraisers on the theory that the Assistant Attorney General had no power to stipulate the judgment in question. This court, in a long and well-considered opinion, went thoroughly into the question of the effect and weight to be given to stipulations regularly entered into between attorneys representing the different parties in litigation and reversed the decision of the court below.

In *North American Mercantile Co.* v. *United States*, 18 C. C. P. A. (Customs) 74, T. D. 44030, this court again went into the same question quite thoroughly and discussed our former decisions. The United States Customs Court had declined to recognize a stipulation which provided that the merchandise was "of the same dutiable character as the ['goishi' or] go covered by Abstract 49273 and therein held dutiable as a manufacture of shell." The trial court took the position that this was a stipulation as to the law and was not binding on the court. This court in its decision said:

Finally, upon the question of the stipulation, we think it not improper to say that the members of the customs bar, including the Government attorneys, are as a rule attorneys of the highest integrity and established ability. It is to the interest of the public that customs litigation should be expedited in all proper ways, and the courts should adopt a liberal attitude with respect to stipulations, with the presumption that they are made in good faith and with a view of protecting the interests of both sides of the controversy. Should the contrary appear in any given case, it is of course the duty of the court to reject the stipulation. Where the subject matter of a stipulation is as to facts, incidental question of law relating to relevancy, arising in a determination by counsel of the facts to be presented to the court, should not cause the rejection of a stipulation.

The stipulation in question should have heen accepted in full by the Customs Court and is accepted by us.

In *Smith & Nichols (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 16, T. D. 43974, this court held a stipulation, which was decisive of the issue and had been entered into by counsel for the Government and the importer, to be binding upon the court, and the judgment of the lower court which did not give such effect to such stipulation was reversed.

In *A. H. Smith & Co.* v. *United States*, T. D. 44746, 59 Treas. Dec. 703, the Third Division of the Customs Court, in a very well-prepared opinion delivered by Judge Young, went into the same question at great length. The case involved a stipulation, in part, that—

merchandise such as or similar to the merchandise covered by the reappraisements set forth in "Schedule A" hereto annexed was freely offered for sale to all purchasers in the principal markets of the country from which exported at the time of exportation thereof in the usual wholesale quantities and in the ordinary course of trade [etc.].

The Third Division was then reviewing the action of a single reappraising judge who had rejected the stipulation as proof of the facts

therein contained. The court below held that the reappraising judge should have honored the stipulation and gave very forceful reasons for its position. It is difficult to harmonize the decision in the *A. H. Smith & Co.* case, *supra*, with the decision in the case at bar which was rendered by the same division of the lower court.

A finding by a court that there is no substantial quantity of vegetables in an article is the finding of an ultimate fact which probably may and often does control the decision of a case. We know of no good reason why, in the absence of fraud, reputable attorneys, representing the parties in litigation, may not freely agree upon and stipulate concerning ultimate facts, even though such stipulated facts control the result of the lawsuit. Where there is nothing apparent of imposition, unfairness, or dishonesty, importer's counsel and the attorney for the Government, in cases like the one at bar, have the right to confess judgment or consent to a decree against their respective clients, *United States* v. *Zucca & Co., supra*, and we are at a loss to understand why they can not stipulate an ultimate fact which controls the kind of judgment to be rendered. In the case at bar there is no implication of unfairness, imposition, or dishonesty.

A stipulation which agrees that merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, at the time of exportation thereof, in the usual wholesale quantities and in the ordinary course of trade, would seem to include a number of ultimate facts any one of which might absolutely control the decision of the case. The same is true of stipulations which agree that the merchandise was "prepared" or is in "immediate containers."

In the interest of saving time and expense, it is often desirable, and clearly within the rights of the parties litigant, to agree by stipulation to the elimination of what might otherwise be controverted issues. This is frequently done, and we think properly so, by agreeing as to ultimate facts which are controlling of such issues. We know of no good reason why stipulations entered into by an attorney representing the United States Government in a lawsuit should be treated by the court differently from stipulations entered into by attorneys representing other clients. It seems to us that to hold otherwise would subject the Government to an unwarranted handicap. See *United States* v. *Zucca & Co., supra*. If attorneys representing the Government are to be so restricted, it is within the province of Congress so to provide by appropriate legislation, and the courts are not warranted in usurping such prerogatives of the legislature.

In the case at bar it appears to us that the Government became convinced that the merchandise at bar contained no substantial quantity of vegetable substances, and that it could produce no evi-

dence of such a quantity as would warrant the court below in holding it to be substantial.

The court below should have regarded the merchandise as being composed of no substantial quantity of vegetables and, therefore, not dutiable under paragraph 773 as assessed, but dutiable as claimed under paragraph 720, and the protest should have been sustained.

The judgment of the United States Customs Court is *reversed* and the cause *remanded.*